UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| MARKET PLACE NORTH CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>Defendant. | No. C17-625 RSM<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER |
|---|---|

## **AGREEMENT**

The parties hereby stipulate to entry of the below Order regarding the following provisions regarding discovery of electronically stored information ("ESI") in this matter, based on the Model Agreement Regarding Discovery of Electronically Stored Information for the U.S.D.C., W.D. of Washington, as amended by agreement of the parties:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Cause No. 2:17-cv-00625-RSM) – 1
js/MES6500.019/2802111x



901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3. The parties filed their Combined Joint Status Report and Discovery Plan on January 22, 2018, and therein represented that they would work cooperatively to enter into an ESI Agreement for presentation to the Court. This is that ESI Agreement.

**B.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. All parties shall supplement their disclosures, in accordance with Rule 26(e), with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or D(1)-(2), below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.     Deleted, slack, fragmented, or other data only accessible by forensics.

    b.     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.     Online access data, such as temporary internet files, history, cache, cookies, and the like.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Cause No. 2:17-cv-00625-RSM) – 2
js/MES6500.019/2802111x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

        d.        Data in metadata fields that are frequently updated automatically, such as last-opened dates (*see also* Section (E)(5)).

        e.        Back-up data that are substantially duplicative of data that are more accessible elsewhere.

        f.        Server, system, or network logs.

        g.        Data remaining from systems no longer in use that is unintelligible on the systems in use.

        h.        Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**C.    Privilege**

    1.    With respect to privileged information, attorney work-product information, and any other confidential, protected, or proprietary information generated after the filing of the Plaintiff's First Amended Complaint, the parties are not required to include any such information in Privilege Logs. All such information created before the filing of the First Amended Complaint, if withheld, will be accompanied by a Privilege Log; however, this agreement is without waiver of or prejudice to either party's arguments as to when any attorney-client or work-product privileges attached or may have ended.

    2.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 28(b)(3)(A) and (B).

    3.    Information produced in discovery that is protected as privileged, attorney work product, confidential, or proprietary shall be immediately returned to the producing party, shall not be used or admissible in this litigation, and its production shall not constitute a waiver of such protection(s), if: (i) such information appears on its face to have been inadvertently produced or

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Cause No. 2:17-cv-00625-RSM) – 3
js/MES6500.019/2802111x

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

(ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

4. If a document is redacted based on one or more claims of privilege, the producing party shall supply a list of the documents for any such claim or claims of privilege, indicating the grounds for the redaction and the nature of the redacted information (e.g., attorney-client privilege, work product, etc.). During the pendency of the litigation, an electronic copy of the original unredacted data shall be securely preserved.

### D. ESI Discovery Procedures

1. <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>. The parties will, within fifteen (15) days after production of any document in compliance with FRCP 26 (initial disclosures) or in response to any Request for Production, disclose the search terms/queries used, and identify the sources (such as, but not limited to, the individual email accounts, databases, hard drives, and/or hard copy files) that were subject to that search. Focused terms and queries should be employed; broad terms or queries generally should be avoided.

3. <u>Disputes</u>. If a dispute arises between the parties regarding the appropriateness of the search terms, methodology, and/or completeness of a production, the parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology. If search terms or queries are used to locate ESI likely to contain discoverable information, a party must identify any specific terms or queries it believes should have been included in the search within fifteen (15) days from the date the search terms are disclosed to that party pursuant to paragraph D(2) ("Search methodology") of this agreement. The parties shall then meet and confer to attempt to find a resolution without resorting to court intervention.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Cause No. 2:17-cv-00625-RSM) – 4
js/MES6500.019/2802111x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

4. *Format*. The parties agree that ESI will be produced to the requesting party in an acceptable format. Acceptable formats include native files, multi-page TIFFs (with a companion OC or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), or PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, should be produced in native format.

5. *Metadata fields*. If the requesting party seeks metadata, the parties agree that only the following metadata fields need to be produced: document type; custodian and duplicate custodians; author/from; recipient/to; cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified, and/or received; and hash value.

DATED this 10th day of April, 2018.

ASHBAUGH BEAL

By *s/Jesse D. Miller*
   Jesse D. Miller, WSBA #35837
   jmiller@ashbaughbeal.com
   Zachary O. McIsaac, WSBA #35833
   zmcisaac@ashbaughbeal.com
   Attorneys for Plaintiff

WILSON SMITH COCHRAN DICKERSON

By *s/Maria E. Sotirhos*
   Scott M. Stickney, WSBA #14540
   stickney@wscd.com
   Maria E. Sotirhos, WSBA #21726
   sotirhos@wscd.com
   Attorneys for Defendant

**ORDER**

SO ORDERED this 12th day of April 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Cause No. 2:17-cv-00625-RSM) – 5
js/MES6500.019/2802111x

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273