The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARKET PLACE NORTH CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>Defendant. | No. 2:17-cv-00625-RSM<br><br>AFFILIATED FM INSURANCE COMPANY'S RESPONSE TO COURT-ORDERED *IN CAMERA* REVIEW IN THE COURT'S ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENTS (DKT. #69) |

## I. **INTRODUCTION**

Defendant Affiliated FM Insurance Company ("AFM") provides this Response to the Court's Order (Dkt. #69) Granting in Part Plaintiff's Motion to Compel Documents (Dkt. #35), wherein the Court ordered an in camera review of "all de-duplicated records remaining in AFM's privilege log, both pre- and post-litigation" upon finding that "*Cedell* applies broadly to the quasi-fiduciary task of claim handling, and is not limited to only pre-litigation activities in this case." (Dkt. #69 at 6.) The Court exempted documents withheld on grounds of "mediation privilege under FRE 408" and "legal invoices" from the scope of the in camera review. (*Id.*)

The Court further ordered the parties to "meet and confer and agree on the documents to be submitted for review based on the Court's ruling" in order to "minimize the number of

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 1
SMS6500.019/2945070x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

documents that need to be reviewed." (*Id*.)  The Court ordered that AFM submit all documents for in camera review "no later than fourteen days" after the Court's Order dated July 12, 2018. This is AFM's timely Response to the Court's Order, setting forth the parties' meet and confer efforts and agreements reached. The documents AFM is producing for the in camera review are forthcoming under separate cover via messenger delivery to the Court.

## II.  FACTS

The parties met and conferred on several occasions and have arrived at the following agreements regarding the in camera review.  AFM will be transmitting the relevant documents for the Court's review via messenger today.

1.      So as not to make the Court's in camera review any more burdensome than it has to be, AFM agreed to voluntarily produce to MPN counsel the following:

a.      Unredacted copies of all Claim File documents, all email correspondence from four AFM email custodians—DiAnna Webber, Erik Lonson, Brian Cook, and Craig Bern—and all attached drafts to those emails relating to the **four letters initially drafted by AFM counsel that AFM's Rule 30(b)(6) witness, Brian Cook, testified were part of AFM's adjuster activities**.  Those letters are dated October 13, 2016, November 9, 2016, December 22, 2016, and September 22, 2017[1] (the last of which was AFM's preliminary coverage analysis letter).

b.      Unredacted copies of all Claim File documents, all email correspondence, and all attached drafts relating to AFM's letter of April 20, 2017, the first draft of which was also drafted by AFM counsel.

c.      Various other unredacted documents arguably related to claim handling and claim investigation activities that were not specifically associated with the drafting of any particular letter.

---

[1] AFM respectfully offers some clarification of the Court's statement in its Order that "[t]hese letters are part of the documents withheld by AFM." (*See* Dkt. #69 at 5.)  AFM has not withheld these four letters, but had, up until now, withheld emails relating to those letters and draft versions of those letters. In light of the Court's Order, AFM has now voluntarily produced these items to MPN so as not to unnecessarily burden the Court's in camera review.

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 2
SMS6500.019/2945070x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

AFM agreed to voluntarily produce the above-referenced documents in light of the Court's Order finding that *Cedell*'s waiver of the attorney-client privilege also applies post-litigation under the facts of the present case. (*See* Dkt. #69.)

AFM produced these documents to MPN counsel on July 25, 2018, under a non-waiver agreement with MPN counsel whereby AFM is not waiving the right to assert the attorney-client or work-product privileges as to documents it is not voluntarily producing at this time.

2.    The parties agreed that duplicate documents and duplicate emails need not be produced for in camera review. Because the vast majority of emails from the various AFM custodians' email productions were copied to most other AFM email custodians, this agreement avoids burdening the Court with review of the extremely large number of duplicative documents produced in this case. The parties also agreed that, with respect to emails submitted for the Court's in camera review, lesser included emails in the same email string or chain need not be produced separately if they are all contained in a "master thread" that includes all substantive responses to that email.

3.    With respect to all non-duplicative emails submitted for the Court's in camera review, at MPN counsel's request, AFM agreed to produce both "substantive" and "non-substantive" emails. The "substantive" emails are the ones AFM believes require the Court's in camera review. The "non-substantive" emails are essentially "me, too"-type emails where one email custodian agrees/approves of what the others have said or proposed earlier in the email string or which do not provide any additional relevant content. It is AFM's position that the Court need not review these "non-substantive" emails at all; however, AFM understands and appreciates that MPN counsel, because they cannot see or participate in the selection of what documents AFM submits for in camera review, do not have the opportunity to review or weigh in as to which email responses they might deem to be or not be substantive in nature. Consequently, in an abundance of caution, AFM is classifying all non-duplicative emails produced for in camera

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 3
SMS6500.019/2945070x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

review as either "substantive" or "non-substantive" and is producing them all so the Court has the option to review them all if it deems appropriate.

4.    Per the Court's Order, documents withheld on the basis of the "mediation privilege under FRE 408" or withheld because they are "legal invoices" are outside the scope of the Court's in camera review. (*See* Dkt. #69 at 6.) AFM will not be submitting such documents for in camera review.

5.    In addition, because the Court's Order only addressed discoverability under *Cedell* for documents withheld on the basis of the attorney-client or work-product privileges, the parties agreed not to burden the Court by submitting any documents for in camera review that were withheld on any other grounds.[2]

### III.  DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW

Pursuant to the Court's Order and the parties agreements during their "meet and confer," as set forth above, AFM is providing via messenger the following documents for the Court's in camera review:

**Exhibit A**: Claim File documents

**Exhibit B**:  DiAnna Webber emails – divided into "substantive" and "non-substantive"

**Exhibit C**:  Erik Lonson emails – divided into "substantive" and "non-substantive"

**Exhibit D**:  Brian Cook emails – divided into "substantive" and "non-substantive"

**Exhibit E**:  Craig Bern emails – no "substantive" emails/only "non-substantive"

Each of these Exhibits is accompanied by a color-coded Privilege Log so the Court can see how AFM has classified the documents into the following categories:

---

[2] *E.g.*, the parties agreed that documents withheld because they contain confidential, proprietary business information relating to reserves, reinsurance, the calculation of premiums, or which were non-responsive (because erroneously "captured" by email searches containing the generic term "market place" but which relate to other insureds and do not relate at all to Market Place North or the claim at issue) are outside the scope of the in camera review and will not be submitted. Moreover, the discoverability of such documents is addressed in other, still-pending discovery motions already briefed and filed with the Court.

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 4
SMS6500.019/2945070x


WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

• Bates numbers highlighted in green correspond to documents AFM has voluntarily produced to Ashbaugh Beal and thus do not require in camera review.

• Bates numbers highlighted in yellow correspond to "substantive" documents AFM is submitting to the Court for in camera review.

• Bates numbers highlighted in pink correspond to "non-substantive" documents AFM is submitting to the Court for in camera review per MPN counsel's reasonable request.

• Bates numbers stricken-through in red correspond to duplicative documents not submitted to the Court for in camera review.

• Bates numbers crossed out with a black "x" correspond to documents that are not part of the in camera review (*e.g.,* documents withheld for reasons other than the attorney-client or work-product privileges or that are non-responsive and unrelated to MPN or its claim).

To further assist the Court, AFM is providing a key to the color-coding on the Privilege Logs as **Exhibit F** along with the documents being messengered to the Court.[3]

AFM is not submitting any documents from the email productions of the following AFM email custodians because all documents withheld from their email productions: (a) are duplicates of documents already produced for in camera review from other AFM email custodians' productions; and/or (b) relate to legal invoices or were withheld for reasons other than the assertion of the attorney-client or work-product privileges and are thus outside the scope of the in camera review:

1. Stephanie Benkoe

2. Dawn Hull

3. Regina Markarova

4. Lee Pifer

---

[3] In addition, even though MPN counsel will not be receiving complete hard-copy Exhibits provided for the Court's in camera review, AFM counsel will nevertheless provide MPN counsel with all of the color-coded Privilege Logs and **Exhibit F** (the color-coding key) via email to ensure transparency and so that MPN counsel can see how AFM has classified all the documents it is still withholding under a claim of privilege and which Bates numbered documents AFM is submitting for in camera review.

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 5
SMS6500.019/2945070x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

5. Mark Romman

6. Richard Sunny

7. Maxine Walker

AFM is also not submitting any Privilege Logs for the above-referenced custodians because they offer nothing of relevance for the Court's in camera review.

Last, AFM provides the following brief recitation of what **_document types_** comprise the documents it is submitting for in camera review because it deems them protected under *Cedell*. AFM's aim here is not to provide argument, but to categorize the documents submitted for the Court's review.

1.    **Two letters responding to MPN's two notice letters under the Insurance Fair Conduct Act ("IFCA").**    AFM's letter of January 31, 2017, was on AFM letterhead and sent in response to MPN's first IFCA notice letter. AFM counsel drafted the first draft of this letter. The letter dated November 2, 2017, on Wilson Smith Cochran Dickerson (AFM counsel) letterhead was AFM's response to MPN's second IFCA notice letter. AFM has argued, and its Rule 30(b)(6) witness Mr. Cook has testified, these letters were not part of AFM's adjustment activities. AFM has submitted all emails and drafts of these letters for the Court's in camera review.

2.    **AFM letter of June 9, 2017.**    AFM has argued and Mr. Cook and Ms. Webber have testified that AFM's letter of June 9, 2017, was initially drafted by AFM adjuster DiAnna Webber, not by AFM counsel. AFM has submitted all emails and drafts of this letter for the Court's in camera review.

3.    **AFM letter of October 12, 2017.**    AFM's letter of October 12, 2017, came after AFM had responded to both the first and second IFCA notice letters by MPN, as well as after AFM had provided its preliminary coverage analysis letter of September 22, 2017, setting forth its concerns as to coverage. AFM has submitted all emails and drafts of this letter for the Court's in camera review.

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 6
SMS6500.019/2945070x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

4.    **Legal advice relating to coverage and/or liability under the AFM Policies.**    Last, AFM has submitted for in camera review a number of emails and legal memoranda (both pre- and post-litigation) wherein AFM counsel provides legal advice, strategy, and guidance to AFM relating to coverage and/or other liabilities under the AFM Policies that AFM believes is protected under *Cedell* and its progeny and not related to any claim handling activities.

### IV.  CONCLUSION

The parties met and conferred in good faith in an effort to minimize the documents submitted to the Court for in camera review and AFM looks forward to the Court's further ruling on Plaintiff's Motion to Compel Documents.

DATED this 26th day of July, 2018.

By:  *s/ Scott M. Stickney*
Scott M. Stickney, WSBA No. 14540
stickney@wscd.com

By:  *s/ Maria E. Sotirhos*
Maria E. Sotirhos, WSBA No. 21726
sotirhos@wscd.com

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA  98164
(206) 623-4100 phone | (206) 623-9273 fax

Attorneys for Defendant
Affiliated FM Insurance Company

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 7
SMS6500.019/2945070x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**CERTIFICATE OF SERVICE**

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

**Attorney for Market Place North Condo Association**
Jesse D. Miller
Zachary O. McIsaac
Ashbaugh Beal
701 Fifth Ave., Suite 4400
Seattle, WA  98104
(  )  Via U.S. Mail
(  )  Via Facsimile:  (206) 344-7400
(  )  Via Hand Delivery
(X)  Via CM/ECF
(  )  Via Email:  jmiller@ashbaughbeal.com; zmcisaac@ashbaughbeal.com
                        tmacdonald@lawasresults.com


**SIGNED** this 26th day of July, 2018, at Seattle, Washington.


_s/Traci Jay_
Tracy Jay

AFFILIATED FM INSURANCE COMPANY'S
RESPONSE RE: *IN CAMERA* REVIEW
(Cause No. 2:17-cv-00625-RSM) – 8
SMS6500.019/2945070x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273