UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKET PLACE NORTH CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>Defendant. | Case No. C17-625 RSM<br><br>ORDER RE: IN CAMERA REVIEW OF DOCUMENTS AND PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Market Place North Condominium Association ("the Association")'s Motion to Compel Documents (Dkt. #35) and the Court's Order requesting in camera review (Dkt. #69).

The background for this Motion was set forth in the Court's prior Order. To reiterate, the Association's Motion addresses attorney-client privilege asserted by AFM for certain documents. AFM provided the Association with documents created during its investigation including (1) a file titled "claim file," (2) emails of DiAnna Webber (AFM's principal adjuster of the Association's claim), and (3) emails of two other AFM employees, Richard Sunny and Erik Lonson, involved in the adjustment and denial of the Association's claim. Dkt. #36 at 2.

ORDER RE: IN CAMERA REVIEW OF DOCUMENTS AND PLAINTIFF'S MOTION TO COMPEL - 1

AFM provided several privilege logs claiming the attorney-client privilege for these and other documents. *See* Dkt. #36-1. According to the Association, AFM claims this privilege for some communications created seven months before this suit was filed and 13 months before the apparent coverage denial letter in September 2017. *Id*. at 6. The Association argues that it is entitled to the above discovery pursuant to *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 295 P.3d 239 (2013) and the civil fraud exception.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

In its Motion, the Association argued that, pursuant to *Cedell*, the attorney-client privilege generally does not apply to the claims-adjustment process, but that *Cedell* recognized an exception when the attorney is not actually engaged in investigating and evaluating or processing the claim. Dkt. #35 at 7. The Association argued that AFM should have sought a protective order prior to the documents being due and asked the Court to undertake an in camera review of the documents it intended to withhold. *Id*. at 8. Finally, the Association argued that the civil fraud exception applies here. Dkt. #35 at 11–12. The Association sought an order to produce "all documents on the four privilege logs at issue that [AFM] is

withholding based on attorney-client privilege (and any similar documents that it intends to withhold from future productions on the same grounds)." *Id*. at 6–7.

AFM argued that, although it did hire counsel at an early stage, "counsel has not performed AFM's adjustment or investigation of [the Association]'s Notice of Loss or Claim—that was done by AFM adjusters and its consultants at WJE, who attended MPN's invasive exploratory investigation." Dkt. #38 at 5. AFM stated that counsel only "provided legal advice and strategy relating to coverage and AFM's obligations under the Policy." *Id*. AFM asserted that it has produced a variety of unredacted attorney-client communications, redacting or withholding "only attorney fee invoices and communications where AFM counsel was asked to or did provide legal advice or strategy as to AFM's "potential liability" or coverage, which *Cedell* protects." *Id*. at 4.

On Reply, the Association argued that it "was able, after comparing and contrasting multiple iterations of privilege logs submitted by AFM with contradictory descriptions and categorizations of documents, to identify four key letters signed by DiAnna Webber that appeared to have been drafted by AFM's attorneys at Wilson Smith Cochran Dickerson (WSCD)." Dkt. #42 at 1–2. These letters are part of the documents withheld by AFM. The Association cites to *Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706 JCC, 2016 WL 4494463, *3 (W.D. Wash. Aug. 25, 2016) as a case on point where the Court held that *Cedell* "applies broadly to the quasi-fiduciary task of claim handling, and is not limited to only pre-litigation activities."

In Response to the Court's Order granting in camera review, AFM agreed to voluntarily produce to the Association unredacted copies of all documents related to the "four key letters"

ORDER RE: IN CAMERA REVIEW OF DOCUMENTS AND PLAINTIFF'S MOTION TO COMPEL - 3

above. Dkt. #70 at 2. AFM also produced other documents "arguably related to claim handling and claim investigation activities." *Id*.

The Court, having now conducted an in camera review of the remaining unproduced documents submitted as agreed by the parties, finds that the attorney client privilege was properly asserted for the remaining documents. In these documents, defense counsel is not engaged in investigating and evaluating or processing the claim, but providing legal advice. The Court finds that the civil fraud exception from *Cedell* does not apply. Given the documents voluntarily produced by AFM, the Court need not grant the relief requested by AFM and will deny the Motion as to all remaining issues.

## I.     CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Market Place North Condominium Association's Motion to Compel Documents (Dkt. #35) is DENIED.

DATED this 17th day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE