UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARKET PLACE NORTH CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,

Plaintiff,

v.

AFFILIATED FM INSURANCE COMPANY,

Defendant.

Case No. C17-625 RSM

ORDER GRANTING MOTION TO COMPEL CERTAIN DEPOSITIONS

This matter comes before the Court on Plaintiff Market Place North Condominium Association ("the Association")'s Motion to Compel Certain Depositions. Dkt. #57. Defendant Affiliated FM Insurance Company ("AFM") opposes this Motion.

The Association argues that the record already before the Court demonstrates that AFM had its current defense attorneys Scott Stickeny and Maria Sotirhos engage in quasi-fiduciary activities, including the authoring of draft letters signed by AFM and sent to the Association related to coverage and claims processing. Dkt. #57. It also cites to 30(b)(6) deposition testimony from AFM that supports its position. *See id.* at 3–4. The Association asserts that these defense attorneys "are now material witnesses in this case and, as such, subject to

ORDER GRANTING MOTION TO COMPEL CERTAIN DEPOSITIONS - 1

deposition," citing to *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 295 P.3d 239 (2013) and its progeny. *Id*. at 2.

In Response, AFM argues that the "content" of the four key letters "came from AFM even though AFM counsel assisted in the drafting." Dkt. #62 at 3. AFM appears to argue over whether the four key letters were "adjustment activity" or merely "an IFCA-response letter." *Id*. at 3–4.

On Reply, the Association argues that "AFM tacitly—and at times expressly—admits that its trial counsel engaged in the quasi-fiduciary activities set forth in the Association's Motion, and then goes on to argue that these attorneys are somehow not subject to discovery and deposition because AFM *says*—but never actually *shows*—that its trial counsel was providing protected legal advice." Dkt. #65 at 2 (emphasis in original). The Association asserts that "the mere fact that AFM's trial counsel drafted AFM's coverage determinations (the September 22, 2017 letter and November 2, 2017 IFCA response) makes them subject to depositions, and that "[a]ll of the other quasi-fiduciary activities that they engaged in only tip the scale further in favor of them being material witnesses and subject to discovery and deposition under *Cedell* and its progeny." *Id*. at 3 (citing *Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706 JCC, 2016 WL 4494463 (W.D. Wash. Aug. 25, 2016)).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party

may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The Court finds that AFM's current defense counsel engaged in at least some claims processing and handling by assisting in the drafting of the four key letters produced in response to the Court's prior Order. *See* Dkt. #69. The Court is convinced from the record before it that attorneys Scott Stickeny and Maria Sotirhos have discoverable information related to the drafting of those letters, relevant to AFM's claims, and that these depositions are permitted under *Cedell*. Determining which questions seek information that remains privileged is an issue for the parties to work out at deposition and not properly before the Court. The requested relief from the Association is simply to compel that the depositions take place.

In reaching the above conclusions, the Court did not rely on the materials discussed in AFM's motion to strike contained in a Surreply (Dkt. #68), and therefore the Court finds that motion moot.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Market Place North Condominium Association's Motion to Compel Certain Depositions (Dkt. #57) is GRANTED. The Association may depose Scott Stickeny and Maria Sotirhos at a mutually convenient time, no sooner than seven days from the entry of this Order and upon being served with subpoenas to that effect.

//

//

//

ORDER GRANTING MOTION TO COMPEL CERTAIN DEPOSITIONS - 3

DATED this 17th day of August 2018.

*(signature)*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO COMPEL CERTAIN DEPOSITIONS - 4